**F I L E D**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**August 3, 2005**

TENER CIRCUIT

JERALD C. LEECH,

        Plaintiff-Appellant,

v.

DUANE ANDREWS, Detective;
BRIAN O'ROURKE, Sergeant; BOB
PRITCHETT, Officer; and DAVID
FARROW, Lieutenant,

        Defendants-Appellees,

   and

KIRK ROGERS, District 1, DA
Investigator; ENID OKLAHOMA
POLICE DEPARTMENT TACTICAL
TEAM; NARCOTICS
ENFORCEMENT UNIT, Perry,
Oklahoma Police Dept.,

        Defendants.

No. 04-6350

(D.C. No. 04-CV-253-F)

(W. D. Oklahoma)

ORDER AND JUDGMENT[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* civil rights appeal pursuant to 42 U.S.C. § 1983. In his complaint to the district court, Mr. Leech asserted that his civil rights were violated by various officers from the City of Enid Police Department (Defendants) when they conducted a search of his home in November of 1999. Mr. Leech claims Defendants violated his Fourth Amendment right against unreasonable searches and seizures when they executed a search of his home. Defendants allegedly failed to obtain a valid search warrant. Adopting the magistrate judge's Report and Recommendation, the district court dismissed Mr. Leech's complaint because he failed to bring his claim within the applicable statute of limitations,[2] and entered judgment in Defendants' favor. Mr. Leech appeals to this court.

After a thorough review of the briefs, the district court's order, the

---

[2]Because there is no specific statute of limitations for actions brought under 42 U.S.C. § 1983, federal courts must adopt the most analogous limitations period provided by state law. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980). In this case, Oklahoma's two-year statute of limitations for personal injury actions applies. *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988); *see also* Okla Stat. tit. 12, § 95(3) (West 2000).

magistrate judge's Report and Recommendation, and the record on appeal, and for substantially the same reasons set forth in the magistrate judge's well-reasoned September 27, 2004, Report and Recommendation, which the district court adopted on October 8, 2004, in its order and judgment of dismissal, we hold that no relief is available to Mr. Leech pursuant to § 1983.

The decision of the district court is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge